# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>RONALD S. JONES,<br><br>                       Debtor<br>_____ | Case No. 17-22147<br><br>Chapter 7<br><br>Adv. Pro. No. |
| Robert Shearer, as Chapter 7 Trustee<br>of the Estate of Ronald S. Jones<br><br>                       Plaintiff,<br>     v.<br><br>Ronald S. Jones and Grace Betancourt Jones,<br><br>                       Defendants. | |

## **COMPLAINT TO AVOID TRANSFER AND TO RECOVER PROPERTY TRANSFERRED**

Plaintiff Robert Shearer, Chapter 7 Trustee ("Trustee") of the Estate of Ronald S. Jones (the "Debtor"), by and through his special counsel, Dickie, McCamey & Chilcote, P.C., files this Complaint against Defendants Ronald S. Jones and Grace Betancourt Jones and in support thereof, avers as follows:

### **Parties**

1.     Plaintiff is the Chapter 7 Trustee, appointed by this Court on May 23, 2017, and in his capacity thereof, is authorized, among other things, to investigate, prosecute, and resolve avoidance actions.

2.     Defendant/Debtor Ronald S. Jones ("Debtor") is an adult individual and resident of the Commonwealth of Pennsylvania with an address of 3307 Waterford Drive, Pittsburgh, Pennsylvania 15238.

3. Defendant Grace Betancourt Jones ("Betancourt Jones") is an adult individual and resident of the Commonwealth of Pennsylvania with an address of 3307 Waterford, Pittsburgh, Pennsylvania 15238.

## Nature of the Case

4. This is a complaint to avoid a transfer of property of the estate pursuant to Sections 544, 548 and 550 of the U.S. Bankruptcy Code.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to cases under Title 11, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court"), Case No. 17-22147, pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. The statutory and legal predicates for the relief sought herein are Sections 105, 544, 548 and 550 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), 12 Pa.C.S. §§5104 and 5105, and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This adversary proceeding is a core proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

8. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedural and Factual Background

9. The Debtor acquired sole title to a certain parcel of real estate located at 3307 Waterford Drive, Indiana Township, PA 15238 (the "Property") for consideration in

the amount of $305,000.00 by Deed dated August 12, 2011.  A true and correct copy of the August 12, 2011 deed is attached hereto as **Exhibit A**.

10. The Debtor's wife, Defendant Betancourt-Jones, filed a petition for relief under Chapter 7 of the Bankruptcy Code on November 18, 2015.

11. On May 25, 2016, the Debtor and Defendant Betancourt-Jones recorded a Deed which purported to transfer title in the Property from the Debtor, individually, to the Debtor and Defendant Betancourt-Jones as husband and wife (the "Transfer"). A true and correct copy of the May 25, 2016 Deed is attached hereto as **Exhibit B**.

12. As the Debtor testified at his Section 341 meeting, there was no consideration provided by Defendant Betancourt-Jones for the Transfer.

13. Defendant Betancourt-Jones received a Chapter 7 discharge on May 27, 2016.

14. On May 22, 2017 ("Petition Date"), Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy code.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFER – 11 U.S.C. § 548(a)(1)(A)

15. Plaintiff incorporates all averments set forth above as if repeated in full herein.

16. A trustee may avoid any transfer of an interest of the debtor in property that was incurred within two years before the date of the filing of the petition, if the transfer was made with intent to defraud a creditor.  11 U.S.C. § 548(a)(1)(A).

17. The Deed to Defendant Betancourt-Jones was recorded on May 25, 2016.

18. The Transfer of ownership in the Property therefore occurred within the two-year statutory period for fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

19. The Transfer was made with the actual intent to hinder, delay, and defraud the Debtor's creditors.

20. The Debtor's actual intent to hinder, delay, and defraud his creditors is evidenced by the fact that:

   a. The Transfer was made on behalf of an insider; namely, the Debtor's wife;
   b. The Transfer was for all or substantially all of the Debtor's assets, as evidenced by the Debtor's insolvency and failure to pay his debts;
   c. The value of the consideration received by the Debtor for the Transfer, $0.00, as testified to by the Debtor, was inadequate;
   d. The Debtor became insolvent after he transferred his interest in the Property, evidenced by his filing bankruptcy within one (1) year after the Transfer; and
   e. The Transfer of the Property caused the Debtor's failure to pay his debts as they became due.

21. In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 548.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFER –II U.S.C. § 548 (a) (1)((B)

21. Plaintiff incorporates all averments set forth above as if repeated in full herein.

22. A trustee may avoid any transfer of an interest of the Debtor in property that was incurred within two years before the date of the filing of the petition if the debtor received less than a reasonably equivalent value in exchange for such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer, (ii) was engaged in a transaction for which any property remaining with the debtor was an unreasonably small capital, or (iii) intended to incur debts that would be beyond his ability to pay as such debts matured. 11 U.S.C. Section 548 (a)(1)(B).

4

23. By completing the Transfer, the Debtor received less than a reasonably equivalent value in exchange for such Transfer from Defendant Betancourt-Jones and was insolvent on the date that such transfer was made or became insolvent as a result of such Transfer.

24. By completing such Transfer, the Debtor received less than a reasonably equivalent value in exchange for such Transfer and was engaged in a transaction for which any property remaining with the Debtor was an unreasonably small capital.

25. By completing such Transfer, the Debtor received less than a reasonably equivalent value in exchange for such Transfer and incurred debts that would be beyond the Debtor's ability to pay as such debts matured.

26. That the Debtor received less than a reasonably equivalent value in exchange for such Transfer is evidenced by the fact that

   a) The Transfer was made on behalf of an insider; mainly the Debtor's wife;
   b) The Transfer was for all or substantially all the Debtor's assets, as evidenced by the Debtor's insolvency and failure to pay his debts;
   c) The value of the consideration received by the Debtor for the Transfer, $0.00, as testified to by the Debtor was inadequate;
   d) The Debtor became insolvent after he transferred his interested in the Property, evidenced by his filing bankruptcy within one (1) year after the Transfer;
   e) The Transfer of the property caused the Debtor's failure to pay his debts as they became due.

27. In accordance with the forgoing, the Transfer is avoidable pursuant to 11 U.S.C. Section 548.

**COUNT III**
**FRAUDULENT TRANSFER PURSUANT TO THE PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT, 12 Pa.C.S. § 5104**

28. Plaintiff incorporates all averments set forth above as if repeated in full herein.

29. Under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 P.S. § 5101 et seq., a transfer made by a debtor is voidable, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer with actual intent to hinder, delay or defraud any creditor of the debtor. 12 Pa.C.S. § 5104(a)(1).

30. Further, the transfer may be voidable if the transfer occurred without the debtor receiving a reasonably equivalent value in exchange for the transfer and the debtor believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due. 12 Pa.C.S. § 5104(a)(2).

31. The Debtor transferred the Property to Defendant Betancourt-Jones knowing that various creditors were seeking or had sought judgments against the Debtor.

32. The Debtor transferred the Property to be held jointly by himself and Defendant Betancourt-Jones with actual intent to hinder, delay, and defraud the Debtor's creditors.

33. The Debtor retained possession or control of the Property after the Transfer.

34. The Debtor testified at his 341 hearing that the Transfer was made with no consideration by Defendant Betancourt-Jones.

35. The Transfer occurred within the four year statutory period for actions pursuant to PUFTA. 12 Pa. C.S. § 5109.

36. In accordance with the foregoing, the Transfer is avoidable pursuant to 12 Pa.C.S. § 5104, particularly in consideration of the factors used to establish actual intent under §5104(b).

## COUNT IV
## FRAUDULENT TRANSFER PURSUANT TO THE PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT, 12 Pa.C.S. § 5105

37. Plaintiff incorporates all averments set forth above as if repeated in full herein.

38. Under PUFTA, a transfer made by a debtor is voidable if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer.

39. The Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer.

40. The Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

41. The Transfer occurred within the four year statutory period for actions pursuant to PUFTA. 12 Pa. C.S. § 5109.

42. In accordance with the foregoing, the Transfer is avoidable pursuant to 12 Pa.C.S. Section 5105.

## COUNT V
## RECOVERY OF AVOIDED TRANSFER – 11 U.S.C. § 550

43. Plaintiff incorporates all averments set forth above as if repeated in full herein.

44. Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C Sections 544 and 548.

45. Defendant Betancourt-Jones was one of the initial transferees of the Transfer for whose benefit the Transfer was made.

46. Pursuant to 11 U.S.C. Section 550(a), Plaintiff is entitled to recover from Defendant Betancourt-Jones, for the benefit of the estate, the Transfer or the equivalent value thereof, plus interest thereon to the date of payment and the costs of this action.

## COUNT VI
## REMEDIES UNDER PUFTA-12 Pa. C.S. § 5107

47. Plaintiff incorporates all averments sets forth above as if repeated in full herein.

48. Plaintiff is entitled to avoid the Transfer pursuant to 12 Pa. C.S. §§ 5104 and 5105.

49. Pursuant to 12 Pa. C.S. § 5107, Plaintiff is entitled to the following remedies;

   a. Avoidance of the Transfer;
   b. Attachment on the Property;
   c. Authorization to levy on and execute against the Property;
   d. Issuance of an injunction against further disposition of the Property;
   e. Appointment of a receiver to take charge of the Property;
   f. An order that Debtor and Defendant Betancourt-Jones be enjoined and restrained from conveying or in any way encumbering the Property;

    g. Ordering that Debtor and Defendant Betancourt-Jones be required to reconvey the Property to Debtor solely (or to a receiver appointed for the purpose of this litigation or to Plaintiff).

## **PRAYER FOR RELIEF**

50. WHEREFORE, for the foregoing reasons, Plaintiff hereby requests that this Court grant it the following relief against Defendant:

    A. That the Transfer be avoided under 11 U.S.C. § 548 and PUFTA;

    B. That the Transfer, to the extent avoided pursuant to 11 U.S.C. § 548 and PUFTA, be recovered by Plaintiff for the benefit of the Estate pursuant to 11 U.S.C. § 550;

    C. That judgment be entered against the Debtor and Defendant Betancourt-Jones in an amount equal to the aggregate value of the Transfer (the "Judgment");

    D. Award pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

    E. Award post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

    F. Require Debtor and Defendant Betancourt-Jones to pay forthwith the Judgment amount awarded in favor of Plaintiff; and

    G. Require Debtor and Defendant Betancourt-Jones to reconvey the Property to Debtor solely;

    H. Order that the Debtor and Defendant Betancourt-Jones be enjoined and restrained from conveying or in any way encumbering the Property

    I. Authorize the Trustee to execute on the Property to satisfy the debts of the Estate, and;

    J. Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

DICKIE, MCCAMEY & CHILCOTE, P.C.

By: /s/ Samuel R. Grego
    Samuel R. Grego, Esquire (PA ID No. 34920)
    Linda Varrenti Hernandez, Esquire (PA ID No. 88863)
    Paul A. Roman, Esquire (PA ID No. 318855)

Email: sgrego@dmclaw.com
lhernandez@dmclaw.com
proman@dmclaw.com

2 PPG Place, Suite 400
Pittsburgh, PA 15222

Telephone (412-281-7272)

*Special Counsel for Chapter 7 Trustee*

Date: May 17, 2019